**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 98-4922

ROBIN OSVALDO RODRIGUEZ-DUARTE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-98-56)

Submitted: July 20, 1999

Decided: August 10, 1999

Before WILKINS and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sema E. Lederman, Chapel Hill, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, David J. Cortes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robin Osvaldo Rodriguez-Duarte appeals his conviction for illegal reentry after deportation, in violation of 8 U.S.C.A. § 1326(a) (West 1999). Rodriguez-Duarte had been deported from Miami, Florida to El Salvador in 1997, following an aggravated felony conviction. He pled guilty to the § 1326 offense pursuant to a plea agreement, and was sentenced to fifty-seven months imprisonment followed by two years supervised release.

On appeal, Rodriguez-Duarte asserts that his counsel was constitutionally ineffective in failing to calculate correctly the probable sentence, and in failing to object when the court imposed a sentence in excess of Rodriguez-Duarte's expectations. This Court does not review a claim of ineffective counsel on direct appeal unless the record conclusively shows counsel's ineffectiveness. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). As the record does not provide such proof, the claim must be asserted by motion under 28 U.S.C.A. § 2255 (West 1999).

Rodriguez-Duarte also claims that his plea was not knowing and voluntary, as the district court erred in informing him of the maximum possible sentence he might face. Because we conclude that the district court's error did not affect Rodriguez-Duarte's substantial rights, Fed. R. Crim. P. 11(h), his claim entitles him to no relief. Rodriguez-Duarte's independent awareness of the correct maximum sentence, through his plea agreement, renders the error harmless. United States v. Goins, 51 F.3d 400, 403 (4th Cir. 1995).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process. We affirm Rodriguez-Duarte's conviction and sentence.

AFFIRMED